### FANNIE NUSBAUM *vs.* JOSEPH GLICKMAN.

MARCH 17, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This is a bill in equity brought by the complainant to establish an express trust in her favor in a sum of money. At the conclusion of the hearing in the Superior Court on bill, answer, and proof, a decree was entered in accordance with the decision of the trial justice, denying and dismissing the bill. The cause is before us on the complainant's appeal from this decree.

The testimony shows that the complainant is the mother of Lillian Nusbaum and Sadie Nusbaum. In October, 1931, following a dispute between the mother and Lillian over the ownership of two joint bank accounts in their names in the Peoples Savings Bank, totaling over $1,200, these accounts were closed, and the money was.

divided equally among the mother, Lillian and Sadie, each receiving the sum of $416.75. Sadie immediately deposited her share in her own name in the Peoples Savings Bank. In February, 1932, Sadie married the respondent, Joseph Glickman, and thereupon changed her account at the bank to her married name, Sadie Nusbaum Glickman. Apparently the bank book was kept by Sadie in her safe deposit vault.

Sadie died intestate on April 7, 1933. The respondent was duly appointed administrator of her estate. On May 16, 1933, the respondent closed the account in the Peoples Savings Bank, which stood in the name of his deceased wife, Sadie Nusbaum Glickman, receiving at that time the sum of $416.75 as principal and $26.55 as interest. Apparently this sum was then deposited by the respondent in another existing account of the deceased in the Providence Institution for Savings, and was included in the inventory and final account of Sadie's estate, which were allowed by the Probate Court. The respondent, who was called as a witness for the complainant, testified that he had spent this money and that he had nothing in his possession to represent it.

Finding himself confronted by this situation, counsel for the complainant thereupon moved that the court allow him to amend the bill of complaint as follows: "That a declaratory decree may be entered declaring that on or about October 22, 1931, Sadie Nusbaum Glickman received the sum of $416.75 as trustee for the use and benefit of your complainant; that said trust fund was deposited by the aforesaid trustee, Sadie Nusbaum Glickman, in the Peoples Savings Bank." The court allowed this amendment, and then denied and dismissed the bill.

The bill of complaint alleges, and counsel contends: "That on the said day," (October 22, 1931) "Fannie Nusbaum gave her other daughter, Sarah or Sadie Nusbaum $416.75 to hold in trust." The principal witness in support of this contention was Sadie's sister, Lillian. Her

testimony is directed largely to statements alleged to have been made by Sadie concerning this money, on various occasions after the transfer of it, although Lillian was present when the money was divided and distributed by the mother, and when, if at all, the alleged trust was created. The following are typical of the statements attributed by her to Sadie: "I have neglected my father, but I will take care of her," meaning the mother; "You," meaning Lillian, "needn't worry. I have got money of my own. I don't need my mother's money." It further appeared from her testimony that the money was for the mother's "burial expenses, and for emergencies and sickness." The mother, who is the complainant, was not produced as a witness and, although her absence from court was explained on the ground of age and illness, her testimony was not produced by way of deposition, nor was any sufficient reason advanced why a deposition could not have been taken.

Counsel for neither party has argued to us the question whether the alleged trust can be created orally, in view of the statute of frauds. G. L. 1923, Chap. 333, Sec. 6. This question, however, need not be considered because, in any event, the evidence does not establish the trust as alleged. The one who alleges a voluntary express trust in personal property, the title to which is held by another, has the burden of proving it by clear and convincing evidence. 65 C. J. 325. Judged by this principle, the complainant's evidence in the instant case is insufficient to establish such a trust. The alleged creator of the trust, namely, the mother, is alive but remains silent and no sufficient reason is given for this silence. The statements, attributed to Sadie by her sister Lillian, are all made subsequently to the transfer of the money and purport to show a future intention of Sadie, rather than a present intention of the mother, who is the one alleged to have created the trust.

Even if we give full weight to these statements, they are too vague and indefinite to establish a voluntary express

trust in the money which Sadie received in October, 1931, and thereafter treated as her own. At most, this evidence tends to establish that Sadie intended to use that money in the future, in case it became necessary, to care for her mother. It does not establish an intention *in praesenti* on the part of the complainant to create an express trust in that sum for any definite purpose. We are therefore unable to say, from any view of the evidence before us, that the complainant has satisfactorily established that Sadie received or held the $416.75 in trust for her mother.

It is worthy of notice that the complainant has not always taken the same position in respect to this sum of money. The transcript shows that, prior to bringing this bill of complaint, she had brought an action of deceit against the respondent, alleging that his false representations had caused her failure to file against Sadie's estate her claim for $416.75. This sum she then claimed to have advanced to her daughter Sadie on October 22, 1931. The court nonsuited the present complainant, as plaintiff in that case. The complainant now seeks to establish that she created an express trust for her own benefit in the same sum of money. Such inconsistent positions, in suits referring to the same facts or state of facts, may well affect the credibility of the witnesses and the sufficiency of the evidence.

We do not agree with the complainant's contention that because of the amendment to the bill, which was allowed by the court almost at the end of the hearing, she is entitled to a declaratory decree under the provisions of General Laws, 1923, Chapter 339, Sec. 19. This section provides that: "No suit in equity shall be defeated on the ground that a mere declaratory decree is sought, but the court may make binding declarations of right in equity without granting consequential relief." As indicated, the evidence is insufficient to establish that the complainant intended to and did create a voluntary express trust for her own benefit in the sum transferred to Sadie. The mere

addition of a prayer in the bill for a declaratory decree cannot supply the fatal deficiency in the proof of the creation of the alleged trust.

For the reasons stated, the appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Isidore Kirshenbaum, William J. Brown,* for complainant.

*Robinson & Robinson, Joseph E. Adelson,* for respondent.

